# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 18-24510-CIV-COOKE/GOODMAN

ESPERANZA GRAVERAN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR REMAND

Plaintiff Esperanza Graveran filed a lawsuit in state court against her flood insurance carrier, Allstate, and her insurance agent, Fairnington Financial Corporation ("FFC"), because Allstate refused to pay her Hurricane Irma claim. [ECF No. 1-1]. Graveran alleges that Allstate and FFC incorrectly told her that she did not need a separate policy for her guest house. [ECF No. 1-1]. Allstate removed the lawsuit to this Court. [ECF No. 1]. Graveran then moved to remand the case to state court. [ECF No. 9]. Allstate filed a response in opposition [ECF No. 18], and Graveran filed a reply [ECF No. 23]. United States District Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 44].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny** Graveran's motion to remand.

## I. Background

On September 10, 2018, Graveran filed a complaint in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County against Allstate and FFC. [ECF No. 1-1]. In the complaint, Graveran states that she owns a home in Miami with a separate guest house on the same property. [ECF No. 1-1, p. 8]. In September 2005, she secured two separate flood insurance policies from Allstate -- one for the main dwelling (Policy No. 1) and one for the guest house (Policy No. 2). [ECF No. 1-1, p. 8]. FFC acted as her insurance agent. [ECF No. 1-1, p. 8].

She alleges that, in February 2016, she received a "Duplicate Policy" letter from Allstate "notifying Graveran of the prohibition against having multiple flood policies to cover independent structures located on the same property." [ECF No. 1-1, p. 9]. Allstate's letter instructed that if she wanted to renew Policy No. 1, then she would need to resolve the issue of duplicate policies. [ECF No. 1-1, p. 9]. She then spoke to her agent, FFC, "who confirmed that pursuant to Allstate's Duplicate Policy letter, Graveran's Policy No. 1 would provide sufficient flood coverage for both structures on the Subject Property." [ECF No. 1-1, p. 9].

Based on the letter and FFC's instructions, Graveran canceled Policy No. 2 and agreed to renew and amend Policy No. 1 to reflect coverage for both structures on the property. [ECF No. 1-1, p. 9]. She states that she paid an increased premium amount for Policy No. 1, which was supposed to cover both structures on the property, including the

guest house. [ECF No. 1-1, p. 9].

Graveran further alleges that she sustained significant damage to her guest house from Hurricane Irma. [ECF No. 1-1, p. 9]. Graveran filed a claim with Allstate for the damage to the guest house. [ECF No. 1-1, p. 9]. On September 10, 2018, Allstate denied Graveran's claim because of Graveran's "failure to purchase independent flood insurance coverage for the guest house." [ECF No. 1-1, p. 9]. In February 2018, Graveran alleges that she received an email from FFC stating that she "'will need a second flood policy to cover the [guest house]' and that 'originally, it was correctly written with the two separate policies and each structure having its own flood policy.'" [ECF No. 1-1, p. 10].

Graveran brought the following six counts against Allstate:

(I) **negligent misrepresentation**, because the letter misrepresented that there was duplicate coverage, and the letter and the agent's statements induced her to drop Policy No. 2;

(II) **breach of contract**, because Policy No. 1 covered both structures, Graveran paid the premium, and she is still being denied the policy benefits;

(III) **breach of implied in fact contract** (pled in the alternative); if the Court finds that Policy No. 1 does not cover the guest house, then Allstate breached an implied contract because all the parties believed that the renewed Policy No. 1 covered both properties;

(IV) **promissory estoppel** (in the alternative); if the Court finds that the renewed

3

Policy No. 1 does not cover the guest house, then Allstate is estopped from changing its position regarding coverage on the guest house; and

(V) **unjust enrichment**, for Allstate's refusal to confer the benefit of insurance proceeds to Graveran after Allstate accepted the benefit of payment, which results in inequity. [ECF No. 1-1, pp. 10-17].

Graveran brought similar counts against FFC for negligent misrepresentation and unjust enrichment, but she also alleged a count for negligence for FFC's failure to properly interpret, research, and advise her of the correct policy requirements and a count for breach of fiduciary duty against FFC for its bad advice that she should cancel Policy No. 2. [ECF No. 1-1, pp. 17-23].

Allstate removed the case to this Court on October 29, 2018. [ECF No. 1]. Allstate contends that 42 U.S.C. § 4072 conveys original exclusive jurisdiction over Graveran's claims. [ECF No. 1, p. 5]. Section 4072 is the provision for suits against FEMA under the NFIP (National Flood Insurance Program). Section 4072 provides that a claimant may institute an action against the Administrator of FEMA in the district court where the property is located, and the district court has "original exclusive jurisdiction" over the action. *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1350 (11th Cir. 2000); *see also* 42 U.S.C. § 4072. As pointed out by Allstate, the policy referenced in Graveran's complaint is a National Flood Insurance Program policy issued by Allstate, a Write Your Own

("WYO") company.[1] [ECF No. 1-1, p. 57].

Although this lawsuit is against Allstate, not the FEMA Administrator, Allstate alleges that it is appearing in its "fiduciary" capacity as the "fiscal agent of the United States." [ECF No. 1, p. 1].

Allstate's removal notice also contends that there is federal question jurisdiction for Graveran's suit under 28 U.S.C. § 1331 because Graveran's suit requires the interpretation and administration of an NFIP policy, which is a federal question. [ECF No. 1, p. 5]. Additionally, Allstate posits that there is federal jurisdiction under 28 U.S.C. § 1337, which conveys original jurisdiction over any suit arising under an act of Congress regulating interstate commerce, including the National Flood Insurance Program. [ECF No. 1, pg. 6].

Further, Allstate contends that, to the extent any of Graveran's claims are not subject to federal jurisdiction, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining claims. [ECF No. 1, p. 7].

Following removal to this Court, Graveran filed a motion to remand. [ECF No. 9].

---

[1]     Flood insurance policies can be issued by FEMA directly or by private insurers called WYO companies, which are authorized by FEMA to issue flood policies, collect premiums under segregated accounts, and pay claims. *See Berger v. Pierce*, 933 F.2d 393, 394-95 (6th Cir. 1991); 44 C.F.R. § 61.13.

## II. Legal Standard

A federal court must remand an action that has been removed from state court if it appears the removal was improper. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that federal jurisdiction exists. *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Federal courts construe removal statutes narrowly and any doubts are resolved in favor of remand to state court. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted). Thus, the plaintiff "is the master of the complaint." *Id.* (citation omitted). However, if "'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' federal question jurisdiction may nevertheless attach to the state-law claim." *Id.* (citation omitted).

## III. Analysis

Graveran argues that her claims do not require *interpretation* of a flood insurance policy and, thus, there is no federal jurisdiction. [ECF No. 9]. However, as explained

6

below, Graveran's claim for breach of the flood insurance policy plainly raises a substantial federal question under § 1331, and there is supplemental jurisdiction over her remaining claims under 28 U.S.C. § 1367.

Under § 1331, "federal courts have federal-question jurisdiction over suits 'in which a well-pleaded complaint establishes either that federal law creates the cause of action ***or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law***.'" *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1308 (11th Cir. 2001) (emphasis added). A count for breach of contract of a Standard Flood Insurance Policy (SFIP), such as the one at issue here, is interpreted "using principles of federal common law rather than state contract law." *Id.* at 1309. "Thus, a complaint alleging breach of an SFIP satisfies § 1331 by raising a substantial federal question on its face." *Id.*

Graveran admits that a suit arising from a claim under an NFIP policy, i.e., a "claims-handling" issue, such as the alleged wrongful denial of a flood claim, raises a federal question and must be brought in federal court. [ECF No. 9, p. 8 ("Lawsuits arising under federal flood policies . . . are different from typical insurance cases because such claims must be brought in federal court applying federal law . . . .")].

However, Graveran argues that her lawsuit is different because her claims are based on the *procurement* of the policy -- i.e., Allstate and FFC incorrectly advising her that the guest house did not need a separate policy. [ECF No. 9, p. 19]. While this is true,

7

in part, Graveran also alleges in her complaint that Allstate breached the flood policy (Renewed Policy No. 1), which she attaches as an exhibit to her complaint. [ECF No. 1-1, p. 12]. Specifically, Graveran alleges that there was coverage under Renewed Policy No. 1 for both structures, that she paid the required premium for Renewed Policy No. 1, and that Allstate denied coverage. [ECF No. 1-1, p. 12].

Graveran also argues in her remand motion that her breach of contract claim is not actually based on the flood insurance contract, but rather "the oral promise made by FFC that Graveran would be fully insured." [ECF No. 9, p. 19]. But this is contradicted by the plain language of her breach of contract count and the fact that she brings subsequent counts "**in the alternative**" for breach of an implied contract and promissory estoppel, "[s]hould this Court find that Renewed Policy No. 1 attached hereto as Exhibit "C" explicitly does not cover the guest house." [ECF No. 1-1, pp. 13-16]. Graveran's characterization of her claim in the remand motion does not change what was alleged in her complaint at the time of removal, which is the Court's sole consideration under the well-pleaded complaint rule. *See Adventure Outdoors*, 552 F.3d at 1294-95; *see also Hill*, 364 F.3d at 1314.

Accordingly, Graveran's claim for breach of the flood insurance policy raises a substantial question of federal law under § 1331. *Newton*, 245 F.3d at 1308 ("[A] complaint alleging breach of an SFIP satisfies § 1331 by raising a substantial federal question on its face.").

8

As to the remaining claims, there is supplemental jurisdiction under § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

Here, all of Graveran's claims arise from Allstate's alleged wrongful denial of benefits under Renewed Policy No. 1 and are so closely related as to form part of the same case or controversy. *See Culbertson v. Barr*, No. 06-0722-CB-B, 2007 WL 9717793, at *4 (S.D. Ala. 2007) (denying remand motion because "it relates to the handling of a claim under a federal flood insurance policy" and exercising supplemental jurisdiction of breach of fiduciary duty and negligence claims which "ar[ose] from the alleged inadequacy of the flood insurance policy at issue"); *see also Winkler v. State Farm Fire & Cas. Co.*, 266 F. Supp. 2d 509, 512-13 (S.D. Miss. 2003) (explaining that a federal question "may arise out of federal common law," denying remand motion in lawsuit against insurer and agent for wrongful failure to pay claims under flood insurance policy, and exercising supplemental jurisdiction over negligence and breach of good faith claims where federal question jurisdiction existed for plaintiff's breach of contract claim).

Finally, even assuming that Graveran had not alleged breach of the flood insurance policy, it is not clear that the procurement versus claims handling distinction would have been helpful to Graveran. Graveran cites to various non-binding cases

9

holding that allegations relating to the procurement of a flood insurance policy do not raise substantial questions of federal jurisdiction because they do not require interpretation of the policy. [ECF No. 9, pp. 12-17].[2]

However, Allstate also points to case law holding that allegations relating to the procurement of a flood insurance policy can raise substantial federal questions. [ECF No. 18, pp. 6-8]; *see, e.g.*, *Harbour Light Towers Ass'n Inc. v. Ameriflood, LLC*, No. 10-CV-2183, 2011 WL 2517222, at *4 (M.D. Fla. June 23, 2011) ("Courts have subsequently held that federal law preempts state-law claims with respect to policy procurement as well as policy interpretation claims handling by a WYO insurer.").

Graveran's misrepresentation claim is based in large part on Allstate's decision to send her the Duplicate Policy letter, which Allstate points out is governed by FEMA regulations and, thus, subject to federal law. [ECF Nos. 1-1, p. 10, 19; 18, p. 8]. But because Graveran did allege a breach of the insurance policy and there is supplemental jurisdiction over the remaining claims, the Undersigned need not determine whether

---

[2] Graveran primarily relies on a Northern District of Florida decision, *Greenfield v. Hickey*, No. 05-cv-470 (N.D. Fla. Mar. 19, 2007), ECF No. 44. There, the Court found that the plaintiff's allegations of negligent procurement did not raise a substantial federal question. *Id.* at 3. However, the Court pointed out that, even though the plaintiff included one count for breach of contract, it was not an alleged breach of the *flood policy*, but rather "a sort of implied contract between Plaintiff and her agent based upon the agent's fiduciary duty to provide her the correct coverage. It is therefore external to the SFIP contract in the same way her tort-based claims are." *Id.* at 4 n.2. Here, as discussed above, Graveran is alleging a breach of the flood insurance policy, which is clearly not external to the policy. [ECF No. 1-1, p. 12].

allegations relating solely to policy procurement satisfy § 1331.[3]

IV.     **Conclusion**

For the reasons discussed, the Undersigned **respectfully recommends** that the District Court **deny** Graveran's motion to remand.

V.      **Objections**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in

---

[3]     Additionally, Allstate argues that there is original exclusive jurisdiction under 42 U.S.C. § 4072. [ECF No. 1, p. 5]. However, "[o]n its face, § 4072 provides only for suits against FEMA." *Newton*, 245 F.3d at 1309. Thus, it is unclear whether § 4072 applies to WYO companies, such as Allstate. *Culbertson v. Barr*, No. 06-0722-CB-B, 2007 WL 9717792, at *3 (S.D. Ala. May 5, 2007) ("The Eleventh Circuit has twice declined to decide whether § 4072 confers federal subject matter jurisdiction over lawsuits against WYO companies.").

The Undersigned need not decide that issue because the Undersigned finds that there is jurisdiction under § 1331. *See, e.g., id.* ("Because § 1331 also confers jurisdiction here, this Court need not attempt to answer the question the Eleventh Circuit has avoided."); *Newton*, 245 F.3d at 1309 (stating that the Court did not need to consider whether § 4072 applies "because [its] conclusion regarding jurisdiction under § 1331 is sufficient"); *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1350 n.2 (11th Cir. 2000) (same). For this reason, the Undersigned also does not need to consider whether there is jurisdiction under 28 U.S.C. § 1337 (arising under an act of Congress regulating interstate commerce).

this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, April 17, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record